United States District Court
Southern District of Texas
**ENTERED**
September 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RUEL REYNALDO MENDOZA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:20-CV-42 |
| | § | |
| FNU ATWELL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Ruel Reynaldo Mendoza, a former Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that: (1) Plaintiff's claims for money damages against Defendants in their official capacities be **DISMISSED** as barred by the Eleventh Amendment; and (2) Plaintiff's claims against Defendants be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

### I. JURISDICTION

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g). The three-strikes provision of § 1915(g) applies to this case even though Plaintiff was released from custody during the pendency of this action. *See Dingler v. Southern Health Partners*, No. 3:19-cv-2737, 2019 WL 1643787, at *1 (N.D. Tex. Feb. 26, 2020).

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a former prisoner of the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). His claims in this lawsuit arise in connection with his previous incarceration at the Stevenson Unit in Cuero, Texas.

In his original complaint, Plaintiff sued the following Stevenson Unit officials: (1) FSM Atwell; (2) Major Aguilar; and (3) Assistant Warden J.C. Gonzalez (collectively "Defendants"). (D.E. 1). Plaintiff alleges in a conclusory manner that FSM denied him access to a restroom, that Major Aguilar did not take the matter seriously, and that Assistant Warden Gonzalez failed to correct his staff of wrongdoing. (D.E. 1, p. 3). Plaintiff sought monetary relief.

Due to the difficulty in evaluating Plaintiff's claims as alleged, the undersigned directed Plaintiff to file an amended complaint. (D.E. 19). On September 14, 2020, Plaintiff filed his amended complaint against Defendants, again requesting monetary relief. (D.E. 24).

Plaintiff alleges the following in his amended complaint. On April 11, 2020 in the late afternoon, Plaintiff was working at the Stevenson Unit's chow hall. FSM Atwell denied Plaintiff access to the restroom and threatened to bring a disciplinary case against Plaintiff for refusing work. Plaintiff could not hold it in and eventually soiled himself. When he brought this matter to the attention of Major Aguilar and Assistant Warden

Gonzalez, they did not take the matter seriously and investigate it in order to correct the actions of FSM Atwell. Plaintiff filed grievances complaining about FSM Atwell's conduct, but they were denied by Assistant Warden Gonzalez. Plaintiff suffered trauma, humiliation, and mental anguish as a result of the incident.

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail,

but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

IV.   **DISCUSSION**

    A.   **Eleventh amendment immunity and Official Capacity**

A suit against a state officer in his or her official capacity is effectively a suit

against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent that Plaintiff sues Defendants in their official capacities for money damages, such claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claim for money damages against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment.

    **B.**    **Supervisory Defendants**

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). A supervisory official may be held liable only if "(1) he

affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011).

While Plaintiff's allegations suggest that Defendants Aguilar and Gonzalez had knowledge of Plaintiff's incident regarding the denial of access to the restroom, he alleges nothing to suggest that these defendants had any personal involvement in the incident. Plaintiff, therefore, has failed to allege a plausible claim against Defendants Aguilar and Gonzalez in their roles as supervisory officials.

Plaintiff's allegations against Defendants Aguilar and Gonzalez center on his dissatisfaction with their failure to investigate Plaintiff's claims as well as Assistant Warden Gonzalez's decision to reject Plaintiff's grievances. Such allegations, however, fail to state a cognizable constitutional claim. *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances).

Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants Aguilar and Gonzalez be dismissed with prejudice.

### C. Deliberate Indifference to Health and Safety

An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The test for deliberate indifference has both an objective and subjective prong. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). To prove the subjective prong of the deliberate indifference test, the inmate "must show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the [inmate's] health or safety could be drawn; and (2) that the defendant actually drew the inference that such potential for harm existed." *Trevino*, 2017 WL 1013089, at *3 (citing *Farmer*, 511 U.S. at 397 and *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)).

The deliberate indifference standard "is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference is more than mere negligence. *Farmer*, 511 U.S. at 835. "Even proof of gross negligence does not establish deliberate indifference." *Levine v. Taylor*, No. 3:12-CV-186, 2017 WL 1215426, at *7 (S.D. Tex. Mar. 31, 2017) (citing *Whitley v. Hanna*, 726 F.3d 631, 641 (5th Cir. 2013)).

Plaintiff's allegations indicate that, on one occasion, FSM Atwell denied him access to the restroom, which resulted in Plaintiff soiling himself. Accepting Plaintiff's allegations as true, the undersigned finds FSM Atwell's conduct to be reprehensible.

However, Plaintiff only describes a single incident and does not allege prolonged exposure to his human waste or any physical injury. Plaintiff, therefore, has failed to state an actionable claim under the Eight Amendment against FSM Atwell. *See Vacca v. Scott*, 119 F. App'x 678, 679 (5th Cir. 2005) (concluding that inmate who was repeatedly denied access to the bathroom failed to establish an Eighth Amendment claim); *Gonzalez v. Davis*, No. 6:18cv574, 2020 WL 5225674, at *3 (E.D. Tex. Jun. 11, 2020) (concluding that inmate failed to state a constitutional claim based on allegations that prison officer denied him access to a restroom on one occasion which forced inmate to defecate on a shirt).

Moreover, to the extent that Plaintiff seeks only compensatory damages for his Eighth Amendment claim, such claim is barred by 42 U.S.C. § 1997e(e). This statute provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury …." 42 U.S.C. § 1997e(e). Plaintiff does not allege that he suffered any physical injuries and instead seeks compensatory monetary relief for trauma, humiliation, and mental anguish. Plaintiff's failure to allege any physical injury operates to bar any claim for compensatory monetary damages.

Accordingly, the undersigned recommends that Plaintiff's Eighth Amendment claim against FSM Atwell be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

V.    **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that: (1) Plaintiff's

claims for money damages against Defendants in their official capacities be **DISMISSED** as barred by the Eleventh Amendment; and (3) Plaintiff's claims against Defendants be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

    Respectfully submitted this 21st day of September, 2020.

                                                    Julie K. Hampton
                                                    United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).